IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )
) CASE NO. BK06-81372-TJM
MELVIN EARL WILSON and )
EFFIE HUNTER-WILSON, ) CH. 13
)
Debtor(s). )

ORDER

Hearing was held in Omaha, Nebraska, on May 21, 2007, regarding Filing No. 55, Objection to Claim, filed by debtors, and Filing No. 59, Resistance, filed by American National Bank. Barbara Lohr Van Sant appeared for the debtors and David Koukol appeared for American National Bank. Also before the court is the debtors' amended Chapter 13 plan (Fil. #29) and objection by American National Bank (Fil. #34), which was taken under advisement on stipulated facts and briefs without a hearing.

On January 27, 2005, debtor Effie Hunter-Wilson purchased a 2004 Ford Freestar truck from Atchley Ford, Inc., that was financed by American National Bank. American National Bank is the holder of the original retail installment contract and security agreement ("Contract") and Nebraska certificate of title ("Title"). Debtors traded in their 2003 Ford Escape that was subject to a loan to Ford Motor Credit in the sum of $26,588. The documents prepared with regard to the transaction show that the allowance for the trade-in vehicle was $27,276.

On September 11, 2006, the debtors filed this joint Chapter 13 case.

The bank has filed a proof of claim in the amount of $26,785.06, plus interest accruing on the principal balance at the contract rate of 7.55%, late charges, and attorney fees and costs as allowed under 11 U.S.C. § 506. Debtors filed a plan that suggests that the purchased vehicle's value is $17,400. The plan proposes to pay the bank $17,400 plus interest at the rate of 7.55% both pre- and post-confirmation. It is the position of the debtors that the difference between the claim amount and the actual value of the vehicle represents an amount included in the loan which was used to pay off the Ford Motor Credit loan. The debtors suggest that such amount does not represent a portion of a "purchase money security interest" and further suggest that they should be permitted to bifurcate the bank's claim into secured and unsecured portions pursuant to the provisions of 11 U.S.C. § 506.

The bank has objected to the debtors' plan and the debtors have objected to the bank's claim.

It is the position of the bank that it made a purchase money loan and it took as collateral the 2004 vehicle. The loan was made within 910 days of the bankruptcy petition date, and, therefore, 11 U.S.C. § 506 does not apply and the claim cannot be bifurcated.

The parties initially submitted certain evidentiary materials and a stipulation of facts. They then filed briefs. Prior to a ruling being made, they asked for a hearing so that they could offer additional evidence. At the hearing, the debtors offered Filing No. 40 and Filing No. 48. Filing No. 40 is the affidavit of the debtors in which they recite what the Atchley Ford salesman purportedly explained concerning the value of their trade-in vehicle, the fact that in order to pay off the Ford Motor Credit loan they would need to borrow funds in excess of the actual value of the vehicle being purchased, and the procedure by which such activity could be undertaken. Counsel for the

bank objected to the recitation of the conversations and the statements allegedly made by the salesperson. That objection was a hearsay objection and a relevance objection. The court deferred ruling and now grants the objection and denies the admission of Filing No. 40.

Filing No. 48 is an affidavit of counsel for the debtors which attaches an NADA value for the vehicle. Counsel for the bank objected to its admission on relevancy grounds. Counsel stated that the alleged value of the vehicle at the time of its purchase or at plan confirmation is not relevant because the claim cannot be bifurcated as a result of the language of 11 U.S.C. § 1325(a)(9). The relevancy objection is sustained.

The vehicle was purchased for personal use of the debtors within 910 days of the petition date. The bank has a purchase money security interest in the vehicle as defined in Neb. Rev. Stat. § 9-103. The only admissible evidence concerning the purchase of the vehicle is the Contract. The Contract says nothing about negative equity being financed. The affidavit evidence from the bankers shows that from the point of view of the bank officers, the transaction was straightforward and the financing was done in the ordinary course of business.

The objection to the claim of the bank is denied. The plan is denied confirmation. Since the bank holds a purchase money security interest in the vehicle and such security interest was obtained within 910 days of the petition date and the collateral was purchased for personal use of the debtors, 11 U.S.C. § 1325(a)(9) precludes the application of § 506 to bifurcate the claim into secured and unsecured portions. The bank is deemed fully secured with the right to collect attorney fees and interest.

The debtors are granted until June 15, 2006, to file an amended plan. That plan may provide for payment in full of the claim, with interest and attorney fees, or may provide for surrender of the vehicle as full payment.

IT IS ORDERED: The debtors' objection to claim (Fil. #55) is denied. American National Bank's objection to confirmation (Fil. #34) is sustained. The debtors are granted until June 15, 2006, to file an amended plan.

DATED:     May 30, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Barbara Lohr Van Sant
    David Koukol
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.